# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**TELLY HOPINGS, JR.,**                    CASE NO. 3:20 CV 1610

    Petitioner,

    v.                                  JUDGE JAMES R. KNEPP II

**RICHARD A. BOWEN, JR., WARDEN,**

    Respondent.                         **MEMORANDUM OPINION AND
                                           ORDER**

    Petitioner Telly Hopings, Jr. ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Jonathan D. Greenberg for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On June 29, 2022, Judge Greenberg issued an R&R recommending the Petition be denied. (Doc. 8). Petitioner filed objections to the R&R. (Doc. 10).

    The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

## BACKGROUND

<u>Trial Court Proceedings</u>

    This habeas case, filed on July 21, 2020, stems from Petitioner's conviction on a guilty plea pursuant to *Alford* to murder with a firearms specification in the Lucas County, Ohio, Court of Common Pleas. *State v. Hopings*, 2019 WL 1765877, *1 (Ohio Ct. App.); *see generally North Carolina v. Alford*, 400 U.S. 25 (1970). Petitioner initially pleaded not guilty to (1) aggravated murder with a firearms specification, (2) murder with a firearms specification, (3) failure to comply

with the order of a police officer, and (4) tampering with evidence; on the second day of his jury

trial, he agreed to enter an *Alford* plea as to the second charge, and all other charges were dropped.

*Id.* The trial court sentenced Petitioner to life in prison with the eligibility of parole after fifteen

years on the murder conviction and after three years on the firearms specification. *Id.*

The written plea agreement Petitioner signed stated: "By this plea of guilty, I DO NOT

admit committing the offense, but I enter this plea only to avoid the risk of conviction on a more

serious offense if I went to trial on the original charge and the possibility of a higher penalty as a

result." (Ex. 15, Doc. 6-1, at 59). The court addressed Petitioner regarding his plea:

> THE COURT: All right. The plea that you are entering today it is called a guilty
> plea, but it is being done specifically to a case called North Carolina versus Alford.
>
> In this type of plea the Defendant maintains their innocence. However, they accept
> responsibility for the charge that they enter the plea to – in order to avoid the
> potential of a more serious punishment.
>
> In this particular case, Count 1 is a [sic] aggravated murder charge with a firearm
> specification. The sentence in that particular charge if found guilty is a life sentence
> with the option the Court would select parole eligibility after 20, 25, 30 years or
> without parole, which is a more extensive sentence.
>
> Also, you have two other charges in Counts 3 and 4 which were each felonies of
> the third degree, which could be punishment up to 36 months as to each charge. If
> run consecutive that could add an additional six years of sentence of aggravated
> murder, which in itself could be a life without parole sentence. Do you understand
> all that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that is the sentence that you would be avoiding by accepting
> this plea. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is that what you intend to do here today?
>
> THE DEFENDANT: Yes.

*Hopings*, 2019 WL 1765877, at *2-3. Petitioner's attorney also spoke on his behalf at the plea hearing:

> As the Court is well aware, and my client is also, the nature of the plea itself does not indicate that he admits committing this offense. However, for fear of proceeding to trial and perhaps being found guilty of aggravated murder with a firearm spec, and tampering with evidence, and fleeing and alluding [sic] the police, and thereby potentially being exposed to a much greater sentence.

> My client at this time will knowingly, intelligently, and voluntarily withdraw his – waive his Constitutional rights to a trial and withdraw his former plea of not guilty and tender this plea of guilty pursuant to North Carolina v. Alford.

*Id.* at *3. The trial court found Petitioner had been advised of his constitutional rights, had made a knowing, intelligent, and voluntary waiver of those rights, and had understood the nature of the charge, the effect of the plea, and the maximum penalties which could be imposed. (Ex. 5, Doc. 6-1, at 19).

Direct Appeal Proceedings

On February 27, 2018, Petitioner appealed his sentence through new counsel and asserted three assignments of error. (Ex. 4, Doc. 6-1, at 17). In relevant part, he argued "the trial court erred as a matter of law by failing to elicit from Hopings his reasons for pleading guilty despite his protestation of innocence." (Ex. 20, Doc. 6-1, at 72).

On April 19, 2019, the Ohio Court of Appeals affirmed the trial court's judgment; it held, first, the trial court did not have a duty to address Petitioner personally to elicit his reasoning for entering the *Alford* plea and ensure he had made a rational calculation, and second, even assuming *arguendo* such a duty arose, the trial court had adequately addressed Petitioner. *Hopings*, 2019 WL 1765877, at *2-3.

On June 3, 2019, Petitioner appealed to the Ohio Supreme Court. (Ex. 24, Doc. 6-1, at 147). His counsel asserted two propositions of law:

3

1. An *Alford* plea is not lawfully entered and accepted unless the trial court elicits from the defendant an explanation for his actions to ensure that he is making a rational decision to plead guilty despite his protestation of innocence.

2. Unlike a guilty plea, and much like a no-contest plea, entering an *Alford* plea does not waive the right to raise Fourth Amendment challenges on appeal.

*Id.* (Ex. 25, Doc. 6-1, at 151). The Ohio Supreme Court declined to hear the case. (Ex. 26, Doc. 6-1, at 179).

Federal Habeas Proceedings

Petitioner raised two grounds for relief in his habeas Petition:

GROUND ONE: The Ohio courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court case law by failing to rule that Hopings had not entered a valid Alford plea, as a matter of law, because the trial court had not addressed Hopings personally and elicited from him his reasons for pleading guilty despite his protestations of innocence.

GROUND TWO: The Ohio courts entered a decision that was unreasonable in light of the trial record by finding that Hopings entered a valid Alford plea even though the judge did not address Hopings and resolve the conflict between Hopings' declaration of innocence and his decision to waive trial.

(Doc. 1, at 5-7). Respondent filed an Answer (Doc. 6) and Petitioner filed a Traverse (Doc. 7).

In his R&R, Judge Greenberg recommended the Court deny the Petition on the merits. (Doc. 8, at 17). Petitioner timely filed objections to the R&R. (Doc. 10).

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill*

4

*v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R. (Doc. 10). Below, the Court addresses Petitioner's specific objections.[1]

---

1. The Court notes Petitioner's objections largely repeat the arguments in his habeas Petition. This is not what objections to the R&R are for. *See Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). While Petitioner's objections are specific, they simply restate the initial grounds for his Petition and lodge disagreement with the Magistrate Judge's conclusions of those grounds. These objections require only clear-error review, not *de novo* review. *Dolgencorp, LLC*, 277 F. Supp. 3d at 965. Nevertheless, even on *de novo* review, the Court finds Petitioner is not entitled to relief.

First Objection – Protestation of Innocence

Petitioner argues in his first objection that the R&R incorrectly concluded Petitioner did not protest his innocence to the trial court. *Id.* at 1. Petitioner cites his initial plea of not guilty and his refusal to enter a guilty plea other than one pursuant to *Alford* as proof he protested his innocence. *Id.* at 1-2. Petitioner states "the Report dismisses this factor as irrelevant. . . . Nothing in *Alford* required more of him to show that he was 'protesting his innocence, and Hopings objects to any finding by the Report[] to the contrary.'" *Id.* at 3.

*Alford* holds a court commits no constitutional error when a defendant voluntarily and intelligently concludes their interests are best protected by pleading guilty despite continuing to claim their innocence. 400 U.S. at 39. A judge may have to conduct a more detailed inquiry of a defendant pleading under *Alford* to determine the plea is voluntary and intelligent than in cases of standard guilty pleas; that inquiry is typically triggered by a defendant's protestation of innocence at the time he enters his guilty plea. *See Ahart v. Bradshaw*, 122 F. App'x 188, 195 (6th Cir. 2005); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995).

The R&R distinguishes Petitioner's case from the facts in *Alford* by stating Petitioner's "assertion that he 'demonstrated' his protestation of innocence by going to trial is not a 'protestation of innocence' at the plea hearing. Nor is his allegation that he rejected the state's first, non-*Alford* plea deal." (Doc. 8, at 13). In *Alford*, by contrast, the defendant testified *at the plea hearing* he had not committed the crime with which he was charged but was pleading guilty because he faced the possibility of the death penalty if he went to trial. 400 U.S. at 28.

The R&R is correct that there is a difference between choosing not to plead guilty except pursuant to *Alford* and making a vocal protestation of innocence. Petitioner did not make a vocal

protestation of innocence at the time he entered his *Alford* plea. Even if initially choosing to go to trial and refusing a standard guilty plea are protestations of innocence, they did not occur at Petitioner's plea hearing. For purposes of Petitioner's first objection, it is sufficient to conclude Judge Greenberg was correct in determining Petitioner did not make a protestation of innocence at the plea hearing.

Second Objection – Sufficiency of Trial Court Inquiry

Petitioner next objects to the R&R's conclusion that the trial court "sufficiently and directly addressed Hopings and determined from him that he had made a rational calculation to plead guilty despite his innocence." (Doc. 10, at 4). At the plea hearing, the trial court explained the nature of *Alford* pleas (that is, that the defendant maintains his innocence while pleading guilty, usually to avoid the risks of a harsher sentence associated with being found guilty at a jury trial) to Petitioner. *Hopings*, 2019 WL 1765877, at *2. The court then listed the charges and maximum possible sentences to which the Petitioner was entering his plea. *Id.* After this explanation, the court asked Petitioner, "Do you understand all that?" *Id.* Petitioner answered, "Yes." *Id.* at *3. The trial court asked Petitioner again if he understood, and Petitioner again answered, "Yes." *Id.* The trial court finally asked, "Is that what you intend to do here today?" *Id.* Petitioner again responded, "Yes." *Id.*

Petitioner characterizes this exchange as "a litany of assertions that included a confusing, incomplete statement" from the trial court judge, who "suggested an answer, like a leading question, received a one-word, three-letter answer, and moved on." (Doc. 10, at 4-5). But asking a defendant whether he understands and intends what he is doing is not asking "a leading question." And contrary to Petitioner's assertions, a defendant's mere agreement with a judge is enough to satisfy a trial court's duty to ensure the plea is voluntary and intelligent. *Ahart*, 122 F. App'x at

7

195 ("[plea agreements] are valid if they are entered into voluntarily and intelligently . . . Ahart agreed with the judge 'that this plea is freely and voluntarily made[]' . . . Thus, the Ohio Court of Appeals correctly concluded that, under governing law, his plea was voluntarily made.").

If Petitioner found the trial court's questions confusing, he could have answered "no" or asked further questions. Petitioner's objection amounts to an argument that the trial court should have assumed he lied. Additionally, Petitioner's signed plea agreement stated he understood the plea he made and his reasons for doing so. (Ex. 15, Doc. 6-1, at 59). Petitioner's counsel also represented to the trial court Petitioner understood the plea. *Hopings*, 2019 WL 1765877, at *3. Judge Greenberg was correct to conclude "that Hopings has not shown that the Ohio Court of Appeals' factual determination [that the inquiry from the trial court was sufficient] was unreasonable in light of the plea hearing transcript[.]" (Doc. 8, at 13). This conclusion is correct even if one assumes, despite the evidence discussed above indicating otherwise, Petitioner had protested his innocence at the plea hearing and triggered this inquiry.

Third Objection – Compliance with *Alford*

Petitioner finally objects to the R&R's "suggestion that footnote 10 [of *Alford*] is dicta and not a part of the Court's holding, . . . and to the Report's conclusion that the common pleas court in this case complied with footnote 10" in its inquiry of Petitioner. (Doc. 10, at 4). The first half of this objection can be dismissed on its face, as the R&R specifically addressed the trial court's compliance with this part of the Supreme Court's decision "[e]ven if footnote 10 in *Alford* could be said to be part of the holding[.]" (Doc. 8, at 15).

Footnote 10 reads as follows:

Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, *see, e.g., Griffin v. United*

8

*States*, 132 U.S. App.D.C. 108, 110, 405 F.2d 1378, 1380 (1968); *Bruce v. United States*, *supra*, 126 U.S.App.D.C., at 342, 379 F.2d, at 119 (1967); *Commonwealth v. Cottrell*, 433 Pa. 177, 249 A.2d 294 (1969); and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence. *See, e.g., People v. Serrano*, 15 N.Y.2d 304, 308—309, 258 N.Y.S.2d 386, 388—389, 206 N.E.2d 330, 332 (1965); *State v. Branner*, 149 N.C. 559, 563, 63 S.E. 169, 171 (1908). *See also Kreuter v. United States*, 201 F.2d 33, 36 (CA10 1952).

In the federal courts, Fed.Rule Crim.Proc. 11 expressly provides that a court 'shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.'

*Alford*, 400 U.S. at 38, n.10. As the R&R explains, if this is a holding of the *Alford* court, it holds that in order to accept an *Alford* plea, a trial court must (1) determine there is "factual basis for the plea" and (2) "inquire[] into and [seek] to resolve the conflict between the waiver of trial and the claim of innocence." *Id.* Neither party in this case argues there was no factual basis for Petitioner's plea. Petitioner argues that under footnote 10, "[i]f the common pleas court asks a leading question and gets a one-word answer, maybe then the common pleas court has put itself in a position in which another question is needed to put on the record how it is that the defendants have decided that the plea is [in] their best interest, thereby resolving the conflict." (Doc. 10, at 5-6).

As discussed above, there is no evidence the trial court asked a "leading question" or that Petitioner's "yes" answers should have been disbelieved. The text of the plea agreement itself and Petitioner's attorney's representations to the trial court also state Petitioner's reasons for entering his plea, thus resolving the conflict as described in footnote 10. The R&R was correct to conclude that, even if footnote 10 imposes requirements upon state trial courts' acceptance of *Alford* pleas, those requirements were met in this case.

This Court agrees with Judge Greenberg's overall conclusion that Petitioner has not shown the Ohio Court of Appeals made an unreasonable factual determination or came to a decision that is contrary to, or an unreasonable application of, Supreme Court precedent. (Doc. 8, at 13-14, 16).

9

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Greenberg's R&R (Doc. 8) be, and the same hereby is, ADOPTED as the Order of this Court as supplemented herein, and the Petition (Doc. 1) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

        s/ *James R. Knepp II*
        UNITED STATES DISTRICT JUDGE